MEMORANDUM **
A 1 Electronics, Inc., appeals the judgment, after a three-day bench trial before a magistrate judge,[1] in A l’s action for infringement of A l’s packaging design under federal copyright law and related California state law. We have jurisdiction under 28 U.S.C. § 1291. We review conclusions of law de novo and findings of fact for clear error. See Navajo Nation v. U.S. Forest Serv., 535 F.3d 1058, 1067 (9th Cir.2008). We affirm.
Any revenue from the sale of power supply products sold by GPB Enterprises, Inc., had an attenuated nexus to the infringement, and A 1 was thus entitled only to ascertainable indirect profits generated from the infringement. See Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 712-14 (9th Cir.2004); Mackie v. Rieser, 296 F.3d 909, 914-16 (9th Cir.2002).
*295 A 1 had the initial burden of demonstrating that the “infringement at least partially caused the profits that the in-fringer generated as the result of the infringement.” Mackie, 296 F.3d at 911; see Polar Bear, 384 F.3d at 711 (rejecting argument that a copyright plaintiff need only provide the defendant’s gross revenue, without regard to the infringement). The magistrate judge’s finding that A 1 failed to sufficiently establish a causal connection was not clearly erroneous.
Even assuming that A 1 raised a “palming off’ claim under California’s unfair competition law, such a claim is preempted by federal copyright law. See Norse v. Henry Holt and Co., 991 F.2d 563, 568 (9th Cir.1993).
A 1 failed to establish misappropriation. A l’s package design and forms were disclosed to the public and were not confidential. See Cal. Civ.Code § 3426.1(b), (d). A l’s customer list was not entitled to legal protection because Al’s customers and their information were readily ascertainable through public sources. See Morlife, Inc. v. Perry, 56 Cal.App.4th 1514, 66 Cal.Rptr.2d 731, 735 (Cal.Ct.App.1997).
Based on the magistrate judge’s finding that it was GPB that copied and used the graphic packaging design to package the power supply products, there was no legal basis for finding Great Energy Co. liable to A 1 for copyright infringement.
We have considered and reject all other arguments raised on appeal.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.

. The parlies consented to the magistrate judge’s jurisdiction to conduct the trial. See 28 U.S.C. § 636(c)(1).